■ C & R ULRICH REAL ESTATE, INC., et al., Appellants, v GAIL S. SHAFFER, as Secretary of State of the State of New York, et al., Respondents.—Proceeding pursuant to CPLR article 78 to review a determination of the respondents dated September 7, 1988, which, after hearing, found that the petitioners demonstrated untrustworthiness and incompetency and suspended their real estate licenses for three months, or in lieu thereof, imposed fines.

Adjudged that the petition is granted, on the law, without costs or disbursements, to the extent that the determination of the amount of the fines imposed is annulled, the determination is otherwise confirmed, and the proceeding is otherwise dismissed, and the matter is remitted to the respondents for imposition of new fines not to exceed $1,000 against each petitioner.

This proceeding arises out of a complaint made by Annette Montefusco to the Department of State of the State of New York (hereinafter the Department). According to the findings made by an Administrative Law Judge following a hearing, Montefusco had agreed to rent a condominium shown to her by the petitioner Barbara Mars, a real estate salesperson working for C & R Ulrich Real Estate, Inc. Montefusco gave the petitioner Ruth Ulrich a deposit to be held in escrow for the rental of the condominium. Ulrich assured Montefusco that the condominium would be available for occupancy on September 1, 1985. The lease stated that its term began on September 1, 1985, and that rent was not payable until possession was delivered.

The landlord, however, subsequently informed Montefusco that the condominium would not be available on September 1, 1985, as promised. Accordingly, Montefusco demanded her money back from Ulrich, who refused to return it, stating that it had been forwarded to the landlord.

The Department adopted the Administrative Law Judge's finding and determination that both Ulrich and C & R Ulrich Real Estate, Inc., demonstrated incompetence and untrustworthiness in that they breached their fiduciary obligations to Montefusco in four specified respects, namely, by acting as undisclosed dual agents in representing both Montefusco and the landlord, by disobeying Montefusco's instructions, by com-

mitting escrow improprieties in violation of 19 NYCRR 175.7, and by not telling Montefusco that they were also acting as agents for the landlord. Pursuant to its disciplinary powers under Real Property Law § 441-c, the Department imposed a three-month suspension of the licenses of both Ulrich and C & R Ulrich Real Estate, Inc., or, in lieu thereof, a $4,000 fine. The determination under review directs that both pay the $4,000, but does not specify whether both are to pay a total of $4,000, or whether they must each pay $4,000.

The parties have assumed, as do we, that the $4,000 fine is the total amount that must be paid, and that Ulrich and C & R Ulrich Real Estate, Inc., must decide between themselves how much each is to pay. The order does not state that the $4,000 reflects a $1,000 fine for each of the four specified violations, but again the parties have assumed, as do we, that the Department intended to impose the statutory $1,000 maximum fine for each of the four violations, for a total of $4,000. The Department also ordered that the licenses of Ulrich and C & R Ulrich Real Estate, Inc., are to be suspended until they pay $2,800, with interest, as restitution to Montefusco.

Under the facts of this case, we find that the four violations involve essentially the same transaction, and, thus, Real Property Law § 441-c permits the imposition of no more than a $1,000 fine against Ulrich, and an additional $1,000 fine against C & R Ulrich Real Estate, Inc. We need not determine whether the Department would have been empowered to impose individual fines of more than $1,000 each, if, for example, there were multiple victims or a set of facts which involved distinct transactions. Indeed, clarification of the statute by the Legislature may be warranted.

As for the petitioner Mars, the Administrative Law Judge also found that she demonstrated incompetence and untrustworthiness in two respects, namely, by breaching fiduciary duties that she owed to her principal, Montefusco, while acting as an undisclosed dual agent representing both Montefusco and the landlord, and, secondly, by failing to so inform Montefusco.

The Department, adopting the Administrative Law Judge's findings and determination, imposed a three-month suspension of Mars's license, or, in lieu thereof, a $1,500 fine. The determination under review does not delineate whether the $1,500 constitutes a $750 fine for each of the two violations, but, like the parties, we will assume so. We determine that the two violations involve only one transaction, and, under the

circumstances, the $1,500 fine exceeds the $1,000 maximum statutory limit.

There exists substantial evidence to support the factual findings, and imposition of a fine in lieu of suspension is appropriate as to each of the petitioners. However, since the fines imposed are above the statutory maximum, we remit the matter to the Department for the imposition of appropriate fines not to exceed $1,000 against each petitioner. Mollen, P. J., Brown, Eiber and Rosenblatt, JJ., concur.